UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ADAN RANGEL SALINAS,

                            Plaintiff,                                     **COMPLAINT**

  -against-

RISE & SHINE CONCRETE CORPORATION
and CARLOS PORTAS,
                            Defendants.
---------------------------------------------------------------X

       Plaintiff, ADAN RANGEL SALINAS ("Plaintiff"), by and through their attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, allege as follows:

## NATURE OF THE ACTION

       1.    Defendant, RISE & SHINE CONCRETE CORPORATION and its principal, CARLOS PORTAS (collectively "Defendants"), failed to pay Plaintiff premium overtime wages for hours worked in excess of forty hours per week in violation of both the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

       2.    Plaintiff brings this action against Defendants to recover unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), under the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

       3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

6. Defendants do business in the State of New York, within the Eastern District of New York.

## THE PARTIES

7. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

8. Defendant, RISE & SHINE CONCRETE CORPORATION ("RISE & SHINE"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

9. Defendant, CARLOS PORTAS ("PORTAS"), is a shareholder and/or officer of RISE & SHINE.

10. At all times relevant, Defendant, RISE & SHINE, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

11. Defendant, PORTAS, is a shareholder and/or officer of RISE & SHINE, has authority to make payroll and personnel decisions for RISE & SHINE, and is active in the day to day management of RISE & SHINE, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

12. Defendant PORTAS, as a result of his position as manager and/or owner of RISE & SHINE is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiffs seek to recover.

13. At all relevant times, Defendant, RISE & SHINE, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in setting concrete forms and finishing concrete and used equipment and other materials, such as shovels, rakes, trowels, edgers, floats, screeds, brooms, hammers, wheelbarrows and other tools, many of which originated in states other than New York.

## FACTS

14. Defendants are engaged in the concrete contracting business.

15. Plaintiff was employed by the Defendants as a manual laborer during the period September 2014 through December 2018.

16. Plaintiff regularly worked Monday through Saturday, 6 days per week. Plaintiff began work each workday at 7 a.m. The time that Plaintiff finished work each workday varied. Plaintiff worked until at least 6 pm each workday and often later.

17. Plaintiff regularly more than 40 hours per workweek.

18. During his employment with Defendants, Plaintiff's wages were determined on an hourly basis.

19. Defendants did not pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked after 40 hours per workweek.

20. Defendants willfully disregarded and purposefully evaded the record-keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

21. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by Labor Law §195.

22. Defendants failed to provide Plaintiff with an accurate wage statement each pay period as required by Labor Law §195.

23. Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

24. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

25. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

26. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Therefore,,

27. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

28. As a result of defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## ((NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)

29. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

30. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

31. By defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

32. Due to defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW SECTION 195(1)**

33. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendants failed to provide Plaintiff with written notice upon hire regarding his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the Labor Law.

35. Due to defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(3)

36. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

37. Defendants failed to provide Plaintiff with an accurate statement of his wages each pay period as required by Section 195 of the Labor Law.

38. Due to defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii)   Unpaid wages owed pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv)    Damages pursuant to New York State Labor Law §198;

(v)     All attorneys' fees and costs incurred in prosecuting these claims; and

(vi)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
September 26, 2020

                                         LAW OFFICE OF PETER A. ROMERO PLLC

By:    ***/s/ Peter A. Romero, Esq.***
                                         Peter A. Romero, Esq.
                                         825 Veterans Highway Ste. B
                                         Hauppauge, New York 11788
                                         (631) 257-5588
                                         Promero@RomeroLawNY.com

                                         *Attorneys for Plaintiffs*